**STATE of Maine**

v.

**John L. CORVIN.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1992.
Decided Jan. 4, 1993.

William R. Anderson (orally), Dist. Atty., Rockland, for the State.

Steven C. Peterson (orally), Camden, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

PER CURIAM.

John L. Corvin appeals from the judgments entered in the Superior Court (Knox County, *Smith, J.*) on the jury's verdict convicting him of three counts of vehicular manslaughter, 17–A M.R.S.A. § 203 (1983 & Supp.1992). The issue that divides the Court is whether Corvin's physician-patient privilege bars the introduction in evidence of his blood test result. Three members of the Court agree with Corvin's contention that M.R.Evid. 503 precludes the admission of evidence of a blood test result from a blood sample taken for diagnostic purposes without his consent and would hold that the admission of this evidence was reversible error. Three members of the Court would hold that even if the physician-patient privilege bars the introduction of the test result of the blood sample taken from

Corvin, on the record of this case the evidence was cumulative and its admission harmless error.[1]

The entry is:

Judgments affirmed by an evenly divided court.

All concurring.

---

1. Error is harmless "where the appellate court believes it highly probable that the error did not effect the judgment." *State v. True,* 438 A.2d 460, 467 (Me.1981); *see also* 2 Cluchey & Seitzinger, *Maine Criminal Practice,* § 52.3 at IX–130 (1992).